**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CROSSINGBRIDGE ADVISORS LLC, <br><br> Plaintiff, <br><br> v. <br><br> CARGILL INTERNATIONAL TRADING PTE LTD., <br><br> Defendant. | **Case No.  1:24-cv-9138** <br><br> **NOTICE OF REMOVAL** |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and Local Rule 81.1, Defendant Cargill

International Trading Pte Ltd. ("CITPL"), hereby removes the above-captioned matter from the

Supreme Court of the State of New York, County of New York (the "State Court"), to the United

States District Court for the Southern District of New York. In support of this Notice, CITPL states

as follows:

**THE PLEADINGS**

1.      On October 23, 2024, Plaintiff CrossingBridge Advisors, LLC ("CrossingBridge")

filed an action in the State Court, styled as *CrossingBridge Advisors*, *LLC v. Cargill International

Trading PTE LTD.*, Index No. 655613/2024 (the "State Court Action"). Pursuant to

28 U.S.C. § 1446(a), copies of the Complaint and any other process, pleadings and orders that

Plaintiff purportedly served as of the date of this Notice are attached collectively as **Exhibit A**.

2.      Pursuant to 28 U.S.C. § 1446(a), it is sufficient to provide a "short and plain"

allegation of jurisdiction and it is not necessary to attach evidence establishing those allegations.

*See Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554 (2014) ("A statement 'short

and plain' need not contain evidentiary submissions."); *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205 (2d Cir. 2001) ("The removal statute requires the notice of removal to contain "'a short and plain statement of the grounds for removal.'") (quoting 28 U.S.C. § 1446(a)).

## REMOVAL IS PROPER IN THIS CASE

3.      This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

4.      The State Court Action may be removed pursuant to 28 U.S.C. § 1441 because (i) removal is timely, (ii) there is complete diversity of citizenship between Plaintiff and Defendant, (iii) this case satisfies the amount in controversy requirement set forth in 28 U.S.C. § 1332(a), and (iv) this Court is the proper venue.

## REMOVAL IS TIMELY

5.      A notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ...." *See* 28 U.S.C. § 1446(b)(1).

6.      Pursuant to 18 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6, this Notice was timely filed within thirty (30) days of service on CITPL because Plaintiff does not purport to have served the Complaint until October 29, 2024 at the earliest. *See e.g.*, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

7.      Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b)(1).

**THE DIVERSITY OF CITIZENSHIP REQUIREMENT IS SATISFIED**

8.      Plaintiff CrossingBridge is a corporation organized under the laws of Delaware and with its principal place of business—i.e., its corporate headquarters—in Westchester County, New York. Therefore, CrossingBridge is a citizen of Delaware and New York.

9.      Defendant CITPL is a private limited company organized under the laws of Singapore and with its principal place of business—i.e., its corporate headquarters—in Singapore. Therefore, CITPL is a "citizen of a foreign state" pursuant to 28 U.S.C. § 1332(a)(2).

10.      Because Plaintiff is a citizen of Delaware and New York, and CITPL is a citizen of Singapore, there is complete diversity between the Plaintiff and CITPL, and the diversity of citizenship requirement is satisfied. *See* 28 U.S.C. § 1332(a).

**THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED**

11.      Plaintiff seeks damages against CITPL in an approximate amount of $2,790,000, as Plaintiff appears to allege that CITPL was required to distribute 45% (or $2,790,000) of an approximately $6.2 million distribution.  *See* Compl. at ¶ 27, 30, 38.

12.      Plaintiff also seeks pre-judgment interest, costs, and such other and further relief as the Court deems just and proper. *Id.* at p. 7.

13.      Because the amount in controversy exceeds $75,000.00, the amount in controversy requirement is satisfied. *See* 28 U.S.C. § 1332(a); *see also* 28 U.S.C. § 1446(c)(2).

**VENUE AND ALL OTHER REQUIREMENTS ARE SATISFIED**

14.      Venue is proper in this Court because the United States District Court for the Southern District of New York includes New York County, the county in which the State Court Action is pending. *See* 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 112(b).

15.      This Notice is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

16.      Copies of all process, pleadings, and orders in the State Court Action are attached as **Exhibit A**. *See* 28 U.S.C. § 1446(a).

17.      CITPL will promptly serve written notice of this Notice of Removal to Plaintiff and will file a copy of this Notice of Removal with the Clerk of the State Court. *See* 28 U.S.C. § 1446(d).

18.      By removing the action to this Court, CITPL does not admit that it has any liability to Plaintiff or anyone else and CITPL does not waive any defenses that are available to it under either state or federal law, including but not limited to defenses based on lack of personal jurisdiction, improper venue, insufficient service of process, failure to state a claim, or failure to join a party under Rule 19. *See, e.g.*, *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020) ("This rule is now hornbook law: A party who removes an action from a state to a federal court does not thereby waive any of his or her Federal Rule 12(b) defenses or objections."); *id.* ("On removal, a defendant brings its defenses with it to federal court. . . . Removal does not cure jurisdictional defects, so defendants can still challenge jurisdiction after removal.  And on removal, the Federal Rules of Civil Procedure govern.  Under these rules, a defendant may challenge jurisdiction by moving to dismiss under Rule 12(b)(2).") (citations omitted); *Streamlined Consultants, Inc. v. EBF Holdings LLC*, No. 21-CV-9528 (KMK), 2022 WL 4368114, at *6 (S.D.N.Y. Sept. 20, 2022) ("[T]he fact that a defendant has removed a case from state to federal court has no bearing on that defendant's future Rule 12(b)(6) motion; indeed, courts routinely consider and grant Rule 12(b)(6) motions brought by removing defendants.").

19.     CITPL reserves the right to move to dismiss, to move for judgment on the

pleadings, or to move for summary judgment pursuant to Federal Rules of Civil Procedure 12 and

56.

20.     CITPL also reserves the right to amend or supplement this Notice of Removal and

to present legal argument and evidentiary support if federal jurisdiction is questioned.

WHEREFORE, Defendant CITPL respectfully removes this action from the Supreme

Court of the State of New York, County of New York to the United States District Court for the

Southern District of New York pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted,

Dated: New York, New York
      November 27, 2024              **FAEGRE DRINKER BIDDLE & REATH LLP**

By:  */s/ Tracey Salmon-Smith*
    Tracey Salmon-Smith
    Christian J. Clark
    1177 Avenue of the Americas, 41st Floor
    New York, New York 10036
    (212) 248-3140 (Telephone)
    (212) 248-3141 (Fax)
    tracey.salmonsmith@faegredrinker.com
    christian.clark@faegredrinker.com

    *Attorney for Defendant Cargill International*
    *Trading Pte Ltd.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on the date set forth below, I caused a true and correct copy of the foregoing

Notice of Removal and all accompanying papers, including Exhibit A (state court pleadings), Civil

Cover Sheet, and Rule 7.1 Corporate Disclosure Statement to be served via first-class mail, postage

prepaid, upon the following:

Jeffrey Chubak, Esq.
Amini LLC
131 West 35th Street, 12th Floor
New York, New York 10001

*Counsel for Plaintiff*

Dated:  November 27, 2024                    */s/ Tracey Salmon-Smith*
                                             Tracey Salmon-Smith