Electronically issued / Délivré par voie électronique : 11-Oct-2023
Toronto Superior Court of Justice / Cour supérieure de justice

Court File No./N° du dossier du greffe : CV-23-00707394-00CL



Court File No. CV-23-00707394-00CL

## ONTARIO
### SUPERIOR COURT OF JUSTICE
### (COMMERCIAL LIST)

| | | |
|---|---|---|
| THE HONOURABLE MADAM | ) | TUESDAY, THE 10TH |
| JUSTICE KIMMEL | ) ) | DAY OF OCTOBER, 2023 |

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF TACORA RESOURCES INC.**

(Applicant)

## INITIAL ORDER

**THIS APPLICATION**, made by Tacora Resources Inc. (the "**Applicant**"), pursuant to the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "**CCAA**") was heard this day by judicial videoconference via Zoom.

**ON READING** the Notice of Application, the affidavit of Joe Broking sworn October 9, 2023, and the Exhibits thereto (the "**Broking Affidavit**"), the affidavit of Chetan Bhandari sworn October 9, 2023 (the "**Bhandari Affidavit**"), the consent of FTI Consulting Canada Inc. ("**FTI**") to act as the Court-appointed monitor of the Applicant (in such capacity, the "**Monitor**"), the Pre-Filing Report of FTI, as the proposed Monitor, and on being advised that the secured creditors who are likely to be affected by the charges created herein were given notice, and on hearing the submissions of counsel for the Applicant, counsel for FTI and such other counsel and parties as listed on the Participant Information Form, with no one else appearing although duly served as appears from the affidavit of service of Natasha Rambaran, filed,

**SERVICE**

1.  **THIS COURT ORDERS** that the time for service of the Notice of Application and the Application Record is hereby abridged and validated so that this Application is properly returnable today and hereby dispenses with further service thereof.

117863258 v23

Case 1:24-cv-09138-RA   Document 21-5   Filed 02/05/25   Page 2 of 16

Electronically issued / Délivré par voie électronique : 11-Oct-2023
Toronto Superior Court of Justice / Cour supérieure de justice

Court File No./N° du dossier du greffe : CV-23-00707394-00CL

**APPLICATION**

2.  **THIS COURT ORDERS AND DECLARES** that the Applicant is a company to which the CCAA applies.

**POSSESSION OF PROPERTY AND OPERATIONS**

3.  **THIS COURT ORDERS** that the Applicant shall remain in possession and control of its current and future assets, undertakings and properties of every nature and kind whatsoever, and wherever situate including all proceeds thereof (the "**Property**"). Subject to further Order of this Court, the Applicant shall continue to carry on business in a manner consistent with the preservation of its business (the "**Business**") and Property. The Applicant is authorized and empowered to continue to retain and employ the employees, consultants, agents, experts, accountants, counsel and such other persons (collectively "**Assistants**") currently retained or employed by it, with liberty to retain such further Assistants as it deems reasonably necessary or desirable in the ordinary course of business or for the carrying out of the terms of this Order.

4.  **THIS COURT ORDERS** that, subject to the terms of the DIP Agreement (as defined below), the Applicant shall be entitled to continue to utilize the cash management system currently in place as described in the Broking Affidavit or replace it with another substantially similar cash management system (the "**Cash Management System**") and that any present or future bank providing the Cash Management System shall not be under any obligation whatsoever to inquire into the propriety, validity or legality of any transfer, payment, collection or other action taken under the Cash Management System, or as to the use or application by the Applicant of funds transferred, paid, collected or otherwise dealt with in the Cash Management System, shall be entitled to provide the Cash Management System without any liability in respect thereof to any Person (as hereinafter defined) other than the Applicant, pursuant to the terms of the documentation applicable to the Cash Management System, and shall be, in its capacity as provider of the Cash Management System, an unaffected creditor under any Plan with regard to any claims or expenses it may suffer or incur in connection with the provision of the Cash Management System.

5.  **THIS COURT ORDERS** that, subject to the terms of the DIP Agreement, the Applicant shall be entitled but not required to pay the following expenses whether incurred prior to or after this Order:

    (a)  all outstanding and future wages, salaries, employee and pension benefits, vacation pay and expenses payable on or after the date of this Order, in each case incurred in the ordinary course of business and consistent with existing compensation policies and arrangements; and

Case 1:24-cv-09138-RA    Document 21-5    Filed 02/05/25    Page 3 of 16

Electronically issued / Délivré par voie électronique : 11-Oct-2023
Toronto Superior Court of Justice / Cour supérieure de justice

Court File No./N° du dossier du greffe : CV-23-00707394-00CL

(b)      the fees and disbursements of any Assistants retained or employed by the Applicant in respect of these proceedings, at their standard rates and charges.

6.      **THIS COURT ORDERS** that, except as otherwise provided to the contrary herein and subject to the terms of the DIP Agreement, the Applicant shall be entitled but not required to pay all reasonable expenses incurred by the Applicant in carrying on the Business in the ordinary course after this Order, and in carrying out the provisions of this Order, which expenses shall include, without limitation:

(a)      all expenses and capital expenditures reasonably necessary for the preservation of the Property or the Business including, without limitation, payments on account of insurance (including directors and officers insurance), and maintenance and security services;

(b)      payment for goods or services actually supplied to the Applicant following the date of this Order; and

(c)      payments and/or advances to Tacora Resources LLC to pay salaries and wages for U.S. based employees and rent for Tacora's head office located in Grand Rapids, Minnesota.

7.      **THIS COURT ORDERS** that the Applicant shall remit, in accordance with legal requirements, or pay:

(a)      any statutory deemed trust amounts in favour of the Crown in right of Canada or of any Province thereof or any other taxation authority which are required to be deducted from employees' wages, including, without limitation, amounts in respect of (i) employment insurance, (ii) Canada Pension Plan, and (iii) income taxes;

(b)      all goods and services or other applicable sales taxes (collectively, "**Sales Taxes**") required to be remitted by the Applicant in connection with the sale of goods and services by the Applicant, but only where such Sales Taxes are accrued or collected after the date of this Order, or where such Sales Taxes were accrued or collected prior to the date of this Order but not required to be remitted until on or after the date of this Order, and

(c)      any amount payable to the Crown in right of Canada or of any Province thereof or any political subdivision thereof or any other taxation authority in respect of municipal realty, municipal business or other taxes, assessments or levies of any nature or kind

Case 1:24-cv-09138-RA    Document 21-5    Filed 02/05/25    Page 4 of 16
Electronically issued / Délivré par voie électronique : 11-Oct-2023
Toronto Superior Court of Justice / Cour supérieure de justice
Court File No./N° du dossier du greffe : CV-23-00707394-00CL

which are entitled at law to be paid in priority to claims of secured creditors and which are attributable to or in respect of the carrying on of the Business by the Applicant.

8. **THIS COURT ORDERS** that until a real property lease is disclaimed or resiliated in accordance with the CCAA, the Applicant shall pay all amounts constituting rent or payable as rent under real property leases (including, for greater certainty, common area maintenance charges, utilities and realty taxes and any other amounts payable to the landlord under the lease) or as otherwise may be negotiated between the Applicant and the landlord from time to time ("**Rent**"), for the period commencing from and including the date of this Order, twice-monthly in equal payments on the first and fifteenth day of each month, in advance (but not in arrears). On the date of the first of such payments, any Rent relating to the period commencing from and including the date of this Order shall also be paid.

9. **THIS COURT ORDERS** that, except as specifically permitted herein, the Applicant is hereby directed, until further Order of this Court: (a) to make no payments of principal, interest thereon or otherwise on account of amounts owing by the Applicant to any of its creditors as of this date; (b) to grant no security interests, trust, liens, charges or encumbrances upon or in respect of any of its Property; and (c) to not grant credit or incur liabilities except in the ordinary course of the Business.

**NO PROCEEDINGS AGAINST THE APPLICANT OR THE PROPERTY**

10. **THIS COURT ORDERS** that until and including October 20, 2023, or such later date as this Court may order (the "**Stay Period**"), no proceeding or enforcement process in any court or tribunal (each, a "**Proceeding**") shall be commenced or continued against or in respect of the Applicant or the Monitor, or affecting the Business or the Property, except with the written consent of the Applicant and the Monitor, or with leave of this Court, and any and all Proceedings currently under way against or in respect of the Applicant or affecting the Business or the Property are hereby stayed and suspended pending further Order of this Court.

**NO EXERCISE OF RIGHTS OR REMEDIES**

11. **THIS COURT ORDERS** that during the Stay Period, all rights and remedies of any individual, firm, corporation, governmental body or agency, or any other entities (all of the foregoing, collectively being "**Persons**" and each being a "**Person**") against or in respect of the Applicant or the Monitor, or affecting the Business or the Property, are hereby stayed and suspended except with the written consent of the Applicant and the Monitor, or leave of this Court, provided that nothing in this Order shall (a) empower the Applicant to carry on any business which the Applicant is not lawfully entitled to carry on, (b) affect such investigations, actions, suits or proceedings by a regulatory body as are

Case 1:24-cv-09138-RA   Document 21-5   Filed 02/05/25   Page 5 of 16

Electronically issued / Délivré par voie électronique : 11-Oct-2023
Toronto Superior Court of Justice / Cour supérieure de justice

Court File No./N° du dossier du greffe : CV-23-00707394-00CL

permitted by Section 11.1 of the CCAA, (c) prevent the filing of any registration to preserve or perfect a security interest, or (d) prevent the registration of a claim for lien.

**NO INTERFERENCE WITH RIGHTS**

12. **THIS COURT ORDERS** that during the Stay Period, no Person shall discontinue, fail to honour, alter, interfere with, repudiate, terminate or cease to perform any right, renewal right, contract, agreement, licence or permit in favour of or held by the Applicant, except with the written consent of the Applicant and the Monitor, or leave of this Court.

**NO PRE-FILING VS POST-FILING SET-OFF**

13. **THIS COURT ORDERS** that, no Person shall be entitled to set off any amounts that: (a) are or may become due to the Applicant in respect of obligations arising prior to the date hereof with any amounts that are or may become due from the Applicant in respect of obligations arising on or after the date of this Order; or (b) are or may become due from the Applicant in respect of obligations arising prior to the date hereof with any amounts that are or may become due to the Applicant in respect of obligations arising on or after the date of this Order, in each case without the consent of the Applicant and the Monitor, or leave of this Court, provided that nothing in this Order shall prejudice any arguments any person may want to make in seeking leave of the Court or following the granting of such leave.

**CONTINUATION OF SERVICES**

14. **THIS COURT ORDERS** that during the Stay Period, all Persons having oral or written agreements with the Applicant or statutory or regulatory mandates for the supply of goods and/or services, including without limitation all computer software, communication and other data services, centralized banking services, payroll services, insurance, transportation services, utility or other services to the Business or the Applicant, are hereby restrained until further Order of this Court from discontinuing, altering, interfering with or terminating the supply of such goods or services as may be required by the Applicant, and that the Applicant shall be entitled to the continued use of its current premises, telephone numbers, facsimile numbers, internet addresses and domain names, provided in each case that the normal prices or charges for all such goods or services received after the date of this Order are paid by the Applicant in accordance with normal payment practices of the Applicant or such other practices as may be agreed upon by the supplier or service provider and each of the Applicant and the Monitor, or as may be ordered by this Court.

Case 1:24-cv-09138-RA   Document 21-5   Filed 02/05/25   Page 6 of 16
Electronically issued / Délivré par voie électronique : 11-Oct-2023
Toronto Superior Court of Justice / Cour supérieure de justice
Court File No./N° du dossier du greffe : CV-23-00707394-00CL

**NON-DEROGATION OF RIGHTS**

15.     **THIS COURT ORDERS** that, notwithstanding anything else in this Order, no Person shall be prohibited from requiring immediate payment for goods, services, use of lease or licensed property or other valuable consideration provided on or after the date of this Order, nor shall any Person be under any obligation on or after the date of this Order to advance or re-advance any monies or otherwise extend any credit to the Applicant. Nothing in this Order shall derogate from the rights conferred and obligations imposed by the CCAA.

**PROCEEDINGS AGAINST DIRECTORS AND OFFICERS**

16.     **THIS COURT ORDERS** that during the Stay Period, and except as permitted by subsection 11.03(2) of the CCAA, no Proceeding may be commenced or continued against any of the former, current or future directors or officers of the Applicant with respect to any claim against the directors or officers that arose before the date hereof and that relates to any obligations of the Applicant whereby the directors or officers are alleged under any law to be liable in their capacity as directors or officers for the payment or performance of such obligations, until a compromise or arrangement in respect of the Applicant, if one is filed, is sanctioned by this Court or is refused by the creditors of the Applicant or this Court.

**DIRECTORS' AND OFFICERS' INDEMNIFICATION AND CHARGE**

17.     **THIS COURT ORDERS** that the Applicant shall indemnify its directors and officers against obligations and liabilities that they may incur as directors or officers of the Applicant after the commencement of the within proceedings, including with respect to employee vacation pay which may have accrued prior to the commencement of these proceedings, but which obligation may become due and payable after the commencement of these proceedings, except to the extent that, with respect to any officer or director, the obligation or liability was incurred as a result of the director's or officer's gross negligence or wilful misconduct.

18.     **THIS COURT ORDERS** that the directors and officers of the Applicant shall be entitled to the benefit of and are hereby granted a charge (the "**Directors' Charge**") on the Property, which charge shall not exceed an aggregate amount of US$4,600,000, as security for the indemnity provided in paragraph 17 of this Order. The Directors' Charge shall have the priority set out in paragraphs 36 and 38 herein.

Case 1:24-cv-09138-RA   Document 21-5   Filed 02/05/25   Page 7 of 16

Electronically issued / Délivré par voie électronique : 11-Oct-2023
Toronto Superior Court of Justice / Cour supérieure de justice

Court File No./N° du dossier du greffe : CV-23-00707394-00CL

19. **THIS COURT ORDERS** that, notwithstanding any language in any applicable insurance policy to the contrary, (a) no insurer shall be entitled to be subrogated to or claim the benefit of the Directors' Charge, and (b) the Applicant's directors and officers shall only be entitled to the benefit of the Directors' Charge to the extent that they do not have coverage under any directors' and officers' insurance policy, or to the extent that such coverage is insufficient to pay amounts indemnified in accordance with paragraph 17 of this Order.

**APPOINTMENT OF MONITOR**

20. **THIS COURT ORDERS** that FTI Consulting Canada Inc. is hereby appointed pursuant to the CCAA as the Monitor, an officer of this Court, to monitor the business and financial affairs of the Applicant with the powers and obligations set out in the CCAA or set forth herein and that the Applicant and its shareholders, officers, directors, and Assistants shall advise the Monitor of all material steps taken by the Applicant pursuant to this Order, and shall co-operate fully with the Monitor in the exercise of its powers and discharge of its obligations and provide the Monitor with the assistance that is necessary to enable the Monitor to adequately carry out the Monitor's functions.

21. **THIS COURT ORDERS** that the Monitor, in addition to its prescribed rights and obligations under the CCAA, is hereby directed and empowered to:

(a) monitor the Applicant's receipts and disbursements;

(b) report to this Court at such times and intervals as the Monitor may deem appropriate with respect to matters relating to the Property, the Business, and such other matters as may be relevant to the proceedings herein;

(c) assist the Applicant, to the extent required by the Applicant, in its dissemination, to the DIP Lender and their counsel, pursuant to and in accordance with the DIP Agreement (as defined herein), or as may otherwise be agreed between the Applicant and the DIP Lender;

(d) advise the Applicant in its preparation of the Applicant's cash flow statements and reporting required by the DIP Lender under the DIP Agreement, which information shall be reviewed with the Monitor and delivered to the DIP Lender and their counsel in accordance with the DIP Agreement;

(e) have full and complete access to the Property, including the premises, books, records, data, including data in electronic form, and other financial documents of the Applicant,

Case 1:24-cv-09138-RA   Document 21-5   Filed 02/05/25   Page 8 of 16

Electronically issued / Délivré par voie électronique : 11-Oct-2023
Toronto Superior Court of Justice / Cour supérieure de justice

Court File No./N° du dossier du greffe : CV-23-00707394-00CL

    to the extent that is necessary to adequately assess the Applicant's business and financial affairs or to perform its duties arising under this Order;

(f)  hold and administer funds in connection with arrangements made among the Applicant, any counterparties and the Monitor or by Order of this Court;

(g)  be at liberty to engage independent legal counsel or such other persons as the Monitor deems necessary or advisable respecting the exercise of its powers and performance of its obligations under this Order; and

(h)  perform such other duties as are required by this Order or by this Court from time to time.

22.  **THIS COURT ORDERS** that the Monitor shall not take possession of the Property and shall take no part whatsoever in the management or supervision of the management of the Business and shall not, by fulfilling its obligations hereunder, be deemed to have taken or maintained possession or control of the Business or Property, or any part thereof.

23.  **THIS COURT ORDERS** that nothing herein contained shall require the Monitor to occupy or to take control, care, charge, possession or management (separately and/or collectively, "**Possession**") of any of the Property that might be environmentally contaminated, might be a pollutant or a contaminant, or might cause or contribute to a spill, discharge, release or deposit of a substance contrary to any federal, provincial or other law respecting the protection, conservation, enhancement, remediation or rehabilitation of the environment or relating to the disposal of waste or other contamination including, without limitation, the *Canadian Environmental Protection Act*, the *Ontario Environmental Protection Act*, the *Ontario Water Resources Act*, the *Ontario Occupational Health and Safety Act*, the *Newfoundland Environmental Protection Act*, the *Newfoundland Water Resources Act*, the *Newfoundland Occupational Health and Safety Act*, and the regulations thereunder (the "**Environmental Legislation**"), provided however that nothing herein shall exempt the Monitor from any duty to report or make disclosure imposed by applicable Environmental Legislation. The Monitor shall not, as a result of this Order or anything done in pursuance of the Monitor's duties and powers under this Order, be deemed to be in Possession of any of the Property within the meaning of any Environmental Legislation, unless it is actually in possession.

Case 1:24-cv-09138-RA    Document 21-5    Filed 02/05/25    Page 9 of 16

Electronically issued / Délivré par voie électronique : 11-Oct-2023
Toronto Superior Court of Justice / Cour supérieure de justice

Court File No./N° du dossier du greffe : CV-23-00707394-00CL

24.     **THIS COURT ORDERS** that the Monitor shall provide any creditor of the Applicant and the DIP Lender with information provided by the Applicant in response to reasonable requests for information made in writing by such creditor addressed to the Monitor. The Monitor shall not have any responsibility or liability with respect to the information disseminated by it pursuant to this paragraph. In the case of information that the Monitor has been advised by the Applicant is confidential, the Monitor shall not provide such information to creditors unless otherwise directed by this Court or on such terms as the Monitor and the Applicant may agree.

25.     **THIS COURT ORDERS** that, in addition to the rights and protections afforded the Monitor under the CCAA or as an officer of this Court, the Monitor shall incur no liability or obligation as a result of its appointment or the carrying out of the provisions of this Order, save and except for any gross negligence or wilful misconduct on its part. Nothing in this Order shall derogate from the protections afforded the Monitor by the CCAA or any applicable legislation.

**ADMINISTRATION CHARGE**

26.     **THIS COURT ORDERS** that the Monitor, counsel to the Monitor and counsel to the Applicant shall be paid their reasonable fees and disbursements, in each case at their standard rates and charges, whether incurred prior to, on or subsequent to the date of this Order, by the Applicant as part of the costs of these proceedings. The Applicant is hereby authorized and directed to pay the accounts of the Monitor, counsel for the Monitor and counsel for the Applicant on a bi-weekly basis and, in addition, the Applicant is hereby authorized to pay to the Monitor, counsel to the Monitor and counsel to the Applicant reasonable retainers to be held by them as security for payment of their respective fees and disbursements outstanding from time to time.

27.     **THIS COURT ORDERS** that the Monitor and its legal counsel shall pass their accounts from time to time, and for this purpose the accounts of the Monitor and its legal counsel are hereby referred to a judge of the Commercial List of the Ontario Superior Court of Justice.

28.     **THIS COURT ORDERS** that the Monitor, counsel to the Monitor, the Applicant's counsel and Greenhill & Co. Canada Ltd. ("**Greenhill**") for its Monthly Advisory Fee (as defined in the Engagement Letter dated as of January 23, 2023 between the Applicant and Greenhill) shall be entitled to the benefit of and are hereby granted a charge (the "**Administration Charge**") on the Property, which charge shall not exceed an aggregate amount of US$1,000,000, as security for their professional fees and disbursements incurred at the standard rates and charges of the Monitor and such counsel, both before and after the making of this Order in respect of these proceedings. The Administration Charge shall have the priority set out in paragraphs 36 and 38 hereof.

Case 1:24-cv-09138-RA   Document 21-5   Filed 02/05/25   Page 10 of 16

Electronically issued / Délivré par voie électronique : 11-Oct-2023
Toronto Superior Court of Justice / Cour supérieure de justice

Court File No./N° du dossier du greffe : CV-23-00707394-00CL

**DIP FINANCING**

29. **THIS COURT ORDERS** that the Applicant is hereby authorized and empowered to obtain and borrow a super-priority, debtor-in-possession, non-revolving credit facility (the "**DIP Facility**") under a DIP Loan Agreement dated October 9, 2023 (the "**DIP Agreement**") from Cargill, Incorporated (in such capacity, the **"DIP Lender"**) in order to finance the Applicant's working capital requirements and other general corporate purposes and capital expenditures, provided that borrowings under the DIP Agreement shall not exceed the principal amount of US$15,500,000 and Post-Filing Credit Extensions (as defined in the DIP Agreement) shall not exceed the principal amount of US$20,000,000, unless permitted by further Order of this Court.

30. **THIS COURT ORDERS** that the DIP Facility shall be on the terms and subject to the conditions set forth in the DIP Agreement attached as Exhibit "K" to the Broking Affidavit.

31. **THIS COURT ORDERS** that the Applicant is hereby authorized and empowered to execute and deliver such security documents and other definitive documents (collectively, the **"Definitive Documents"**), as are contemplated by the DIP Agreement or as may be reasonably required by the DIP Lender pursuant to the terms thereof, and the Applicant is hereby authorized and directed to pay and perform all of its indebtedness, interest, fees, liabilities and obligations to the DIP Lender under and pursuant to the DIP Agreement and the Definitive Documents as and when the same become due and are to be performed, notwithstanding any other provision of this Order.

32. **THIS COURT ORDERS** that the DIP Lender and Cargill International Trading Pte Ltd. ("**CITPL**") shall be entitled to the benefit of and is hereby granted a charge (the **"DIP Charge"**) on the Property, which DIP Charge shall not secure an obligation that exists before this Order is made, and in the case of CITPL, shall only secure Post-Filing Credit Extensions. The DIP Charge shall have the priority set out in paragraphs 36 and 38 hereof.

33. **THIS COURT ORDERS** that, notwithstanding any other provision of this Order:

   (a) the DIP Lender may take such steps from time to time as it may deem necessary or appropriate to file, register, record or perfect the DIP Charge or any of the Definitive Documents;

   (b) upon the occurrence of an event of default under the DIP Agreement or the Definitive Documents, the DIP Lender may cease making advances to the Applicant and, upon four (4) business days' notice to the Applicant and the Monitor, exercise any and all of its rights and remedies against the Applicant or the Property under or pursuant to the

Case 1:24-cv-09138-RA   Document 21-5   Filed 02/05/25   Page 11 of 16

Electronically issued / Délivré par voie électronique : 11-Oct-2023
Toronto Superior Court of Justice / Cour supérieure de justice

Court File No./N° du dossier du greffe : CV-23-00707394-00CL

DIP Agreement, Definitive Documents and the DIP Charge, including without limitation, set off and/or consolidate any amounts owing by the DIP Lender to the Applicant against the obligations of the Applicant to the DIP Lender under the DIP Agreement, the Definitive Documents or the DIP Charge, to make demand, accelerate payment and give other notices, or to apply to this Court for the appointment of a receiver, receiver and manager or interim receiver, or for a bankruptcy order against the Applicant and for the appointment of a trustee in bankruptcy of the Applicant; and

(c) the foregoing rights and remedies of the DIP Lender shall be enforceable against any trustee in bankruptcy, interim receiver, receiver or receiver and manager of the Applicant or the Property.

34. **THIS COURT ORDERS AND DECLARES** that the DIP Lender shall be treated as unaffected in any plan of arrangement or compromise filed by the Applicant under the CCAA, or any proposal filed by the Applicant under the *Bankruptcy and Insolvency Act (Canada)* (the **"BIA"**), with respect to any advances made under the Definitive Documents.

35. **THIS COURT ORDERS AND DECLARES** that this Order is subject to provisional execution and that if any of the provisions of this Order in connection with the DIP Agreement, the Definitive Documents or the DIP Charge shall subsequently be stayed, modified, varied, amended, reversed or vacated in whole or in part (collectively, a "**Variation**"), such Variation shall not in any way impair, limit or lessen the priority, protections, rights or remedies of the DIP Lender, whether under this Order (as made prior to the Variation), under the DIP Agreement or the Definitive Documents with respect to any advances made or obligations incurred prior to the DIP Lender being given notice of the Variation, and the DIP Lender shall be entitled to rely on this Order as issued (including, without limitation, the DIP Charge) for all advances so made and other obligations set out in the DIP Agreement and the Definitive Documents.

**VALIDITY AND PRIORITY OF CHARGES CREATED BY THIS ORDER**

36. **THIS COURT ORDERS** that the priorities of the Administration Charge, the Directors' Charge and the DIP Charge (the "**Charges**"), as among them, shall be as follows:

First – the Administration Charge (to the maximum amount of US$1,000,000);

Second – the Directors' Charge (to the maximum amount of US$4,600,000); and

Third – the DIP Charge.

Case 1:24-cv-09138-RA   Document 21-5   Filed 02/05/25   Page 12 of 16
Electronically issued / Délivré par voie électronique : 11-Oct-2023
Toronto Superior Court of Justice / Cour supérieure de justice
Court File No./N° du dossier du greffe : CV-23-00707394-00CL

37. **THIS COURT ORDERS** that the filing, registration or perfection of the Charges shall not be required, and that the Charges shall be valid and enforceable for all purposes, including as against any right, title or interest filed, registered, recorded or perfected subsequent to the Charges coming into existence, notwithstanding any such failure to file, register, record or perfect.

38. **THIS COURT ORDERS** that each of the Charges shall constitute a charge on the Property and such Charges shall rank in priority to all other security interests, trusts, liens, charges and encumbrances, claims of secured creditors, statutory or otherwise (collectively, "**Encumbrances**") in favour of any Person except for any Person with a property perfected Encumbrance on the Property who did not receive notice of the Application. The Applicant shall be entitled, on a subsequent motion on notice to those Persons likely to be affected thereby, to seek priority of the Charges ahead of any Encumbrances over which the Charges have not obtained priority pursuant to this Order.

39. **THIS COURT ORDERS** that, except as otherwise expressly provided for herein, or as may be approved by this Court, the Applicant shall not grant any Encumbrances over any Property that rank in priority to, or *pari passu* with, any of the Charges, unless the Applicant also obtains the prior written consent of the Monitor, the beneficiaries of the Administration Charge, the Directors' Charge and the DIP Charge, or further Order of this Court.

40. **THIS COURT ORDERS** that the Administration Charge, the Directors' Charge, the DIP Charge, the DIP Agreement and the Definitive Documents shall not be rendered invalid or unenforceable and the rights and remedies of the chargees entitled to the benefit of the Charges (collectively, the "**Chargees**") and/or the DIP Lender thereunder shall not otherwise be limited or impaired in any way by (a) the pendency of these proceedings and the declarations of insolvency made herein; (b) any application(s) for bankruptcy order(s) issued pursuant to BIA, or any bankruptcy order made pursuant to such applications; (c) the filing of any assignments for the general benefit of creditors made pursuant to the BIA; (d) the provisions of any federal or provincial statutes; or (e) any negative covenants, prohibitions or other similar provisions with respect to borrowings, incurring debt or the creation of Encumbrances, contained in any existing loan documents, lease, sublease, offer to lease or other agreement (collectively, an "**Agreement**") which binds the Applicant, and notwithstanding any provision to the contrary in any Agreement:

    (a)   neither the creation of the Charges nor the execution, delivery, perfection, registration or performance of the DIP Agreement or the Definitive Documents shall create or be deemed to constitute a breach by the Applicant of any Agreement to which it is a party;

Case 1:24-cv-09138-RA   Document 21-5   Filed 02/05/25   Page 13 of 16
Electronically issued / Délivré par voie électronique : 11-Oct-2023
Toronto Superior Court of Justice / Cour supérieure de justice
Court File No./N° du dossier du greffe : CV-23-00707394-00CL

(b) none of the Chargees shall have any liability to any Person whatsoever as a result of any breach of any Agreement caused by or resulting from the Applicant entering into the DIP Agreement, the creation of the Charges, or the execution, delivery or performance of the Definitive Documents; and

(c) the payments made by the Applicant pursuant to this Order, the DIP Agreement or the Definitive Documents, and the granting of the Charges, do not and will not constitute preferences, fraudulent conveyances, transfers at undervalue, oppressive conduct, or other challengeable or voidable transactions under any applicable law.

41. **THIS COURT ORDERS** that any Charge created by this Order over leases of real property in Canada shall only be a Charge in the Applicant's interest in such real property leases.

**SERVICE AND NOTICE**

42. **THIS COURT ORDERS** that the Monitor shall (a) without delay, publish in the Globe and Mail (National Edition), a notice containing the information prescribed under the CCAA, (b) within five (5) days after the date of this Order, (i) make this Order publicly available in the manner prescribed under the CCAA, (ii) send, in the prescribed manner, a notice to every known creditor who has a claim against the Applicant of more than $1,000, and (iii) prepare a list showing the names and addresses of those creditors and the estimated amounts of those claims, and make it publicly available in the prescribed manner, all in accordance with Section 23(1)(a) of the CCAA and the regulations made thereunder.

43. **THIS COURT ORDERS** that the Commercial List E-Service Guide (the "**Guide**") is approved and adopted by reference herein and, in this proceeding, the service of documents made in accordance with the Guide (which can be found on the Commercial List website at https://www.ontariocourts.ca/scj/practice/regional-practice-directions/eservice-commercial/) shall be valid and effective service. Subject to Rule 17.05 of the *Rules of Civil Procedure* (Ontario) (the "**Rules**"), this Order shall constitute an order for substituted service pursuant to Rule 16.04 of the Rules. Subject to Rule 3.01(d) of the Rules and paragraph 13 of the Guide, service of documents in accordance with the Guide will be effective on transmission. This Court further orders that a Case Website shall be established in accordance with the Protocol with the following URL: http://cfcanada.fticonsulting.com/tacora.

Electronically issued / Délivré par voie électronique : 11-Oct-2023
Toronto Superior Court of Justice / Cour supérieure de justice

Court File No./N° du dossier du greffe : CV-23-00707394-00CL

44.     **THIS COURT ORDERS** that if the service or distribution of documents in accordance with the Protocol is not practicable, the Applicant and the Monitor are at liberty to serve or distribute this Order, any other materials and orders in these proceedings, any notices or other correspondence, by forwarding true copies thereof by prepaid ordinary mail, courier, personal delivery or facsimile transmission to the Applicant's creditors or other interested parties at their respective addresses as last shown on the records of the Applicant and that any such service or distribution by courier, personal delivery or facsimile transmission shall be deemed to be received on the next business day following the date of forwarding thereof, or if sent by ordinary mail, on the third business day after mailing.

45.     **THIS COURT ORDERS** that the Applicant and the Monitor and their counsel are at liberty to serve or distribute this Order, any other materials and orders as may be reasonably required in these proceedings, including any notices or other correspondence, by forwarding true copies thereof by electronic message to the Applicant's creditors or other interested parties and their advisors. Any such distribution or service shall be deemed to be in satisfaction of a legal or judicial obligation and notice requirements within the meaning of clause 3(c) of the *Electronic Commerce Protection Regulations*, Reg. 81000-2-175 (SORS/DORS).

**GENERAL**

46.     **THIS COURT ORDERS** that the Applicant or the Monitor may from time to time apply to this Court for advice and directions in the discharge of its powers and duties hereunder.

47.     **THIS COURT ORDERS** that nothing in this Order shall prevent the Monitor from acting as an interim receiver, a receiver, a receiver and manager, or a trustee in bankruptcy of the Applicant, the Business or the Property.

48.     **THIS COURT HEREBY REQUESTS** the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada or in the United States, to give effect to this Order and to assist the Applicant, the Monitor and their respective agents in carrying out the terms of this Order. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Applicant and to the Monitor, as an officer of this Court, as may be necessary or desirable to give effect to this Order, to grant representative status to the Monitor in any foreign proceeding, or to assist the Applicant and the Monitor and their respective agents in carrying out the terms of this Order.

Case 1:24-cv-09138-RA   Document 21-5   Filed 02/05/25   Page 15 of 16
Electronically issued / Délivré par voie électronique : 11-Oct-2023
Toronto Superior Court of Justice / Cour supérieure de justice
Court File No./N° du dossier du greffe : CV-23-00707394-00CL

49.     **THIS COURT ORDERS** that each of the Applicant and the Monitor be at liberty and is hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order, and that the Monitor is authorized and empowered to act as a representative in respect of the within proceedings for the purpose of having these proceedings recognized in a jurisdiction outside Canada.

50.     **THIS COURT ORDERS** that a hearing for the balance of the relief sought by the Applicant in the Notice of Application is hereby scheduled before this Court for October 19, 2023 at 12:00 p.m. or such other date as determined by this Court.

51.     **THIS COURT ORDERS** that any interested party (including the Applicant, the Monitor and the DIP Lender) may apply to this Court to vary or amend this Order not less than seven (7) days' notice to any other party or parties likely to be affected by the order sought or upon such other notice, if any, as this Court may order.

52.     **THIS COURT ORDERS** that this Order and all of its provisions are effective as of 12:01 a.m. Eastern Standard/Daylight Time on the date of this Order.

53.     **THIS COURT ORDERS** that this Order is effective from today's date and is enforceable without the need for entry and filing.

Digitally signed by Jessica Kimmel
Date: 2023.10.10 16:40:14 -04'00'

Electronically issued / Délivré par voie électronique : 11-Oct-2023
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-23-00707394-00CL

Court File No. CV-23-00707394-00

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF TACORA RESOURCES INC.**

(Applicant)

*ONTARIO*
**SUPERIOR COURT OF JUSTICE
(COMMERCIAL LIST)**

PROCEEDINGS COMMENCED AT TORONTO

**INITIAL ORDER**

**STIKEMAN ELLIOTT LLP**
5300 Commerce Court West
199 Bay Street
Toronto, ON  M5L 1B9

**Ashley Taylor  (LSO #39932E)**
Tel: 416-869-5236
Email: ataylor@stikeman.com

**Lee Nicholson  (LSO #66412I)**
Tel: 416-869-5604
Email: leenicholson@stikeman.com

**Natasha Rambaran  (LSO #80200N)**
Tel: 416-869-5504
Email: nrambaran@stikeman.com

**Philip Yang  (LSO #82084O)**
Tel: 416-869-5593
Email: pyang@stikeman.com

Counsel to Tacora Resources Inc.

117863258 v23