Electronically issued / Délivré par voie électronique : 07-Oct-2024
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-23-00707394-00CL



Court File No. CV-23-00707394-00CL

### *ONTARIO*
### SUPERIOR COURT OF JUSTICE
### (COMMERCIAL LIST)

| | | |
|---|---|---|
| THE HONOURABLE MADAM | ) | MONDAY, THE 7TH |
| | ) | |
| JUSTICE KIMMEL | ) | DAY OF OCTOBER 2024 |

**IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF 16323715 CANADA INC.**

**(Applicant)**

### CCAA TERMINATION ORDER

**THIS MOTION**, made by 16323715 Canada Inc. ("**ResidualCo**" or the "**Applicant**"), pursuant to the *Companies' Creditors Arrangement Act* (Canada) (the "**CCAA**") for an Order: (a) extending the stay of proceedings until and including the CCAA Termination Time (as defined below) or such later date as this Court may order; (b) approving the Twelfth Report dated October 1, 2024 (the "**Twelfth Report**") of FTI Consulting Canada Inc. ("**FTI**"), in its capacity as Monitor of the Applicant (in such capacity, the "**Monitor**") and the activities of the Monitor described therein; (c) approving the fees and disbursements of the Monitor, as described in the Affidavit of Jodi Porepa sworn October 1, 2024 and the fees and disbursements of the Monitor's counsel, Cassels Brock & Blackwell LLP, as described in the Affidavit of Ryan Jacobs sworn October 1, 2024; (d) terminating these CCAA proceedings (the "**CCAA Proceedings**") and discharging the Monitor effective as at the CCAA Termination Time; and (e) granting certain related relief, was heard this day by judicial videoconference via Zoom.

**ON READING** the Motion Record of the Applicant (the "**Motion Record**"), including the affidavit of Heng Vuong sworn September 30, 2024 (the "**Vuong Affidavit**") and the Exhibits thereto and the Twelfth Report of the Monitor, and on being advised that the secured creditors who are likely to be affected by this Order herein were given notice;

**ON HEARING** the submissions of counsel for the Applicant, counsel for the Monitor, counsel for Cargill, Incorporated ("**Cargill**"), counsel for Millstreet Capital Management LLC

119849040 v10

Electronically issued / Délivré par voie électronique : 07-Oct-2024
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-23-00707394-00CL

("**Millstreet**"), OSP, LLC ("**OSP**", together with Millstreet and Cargill, the "**Investors**"), Brigade Capital Management, LP and MSD Partners, LP, and such other counsel and parties as listed on the Participant Information Form, with no one else appearing although duly served as appears from the affidavit of service of Natasha Rambaran, filed,

**SERVICE AND DEFINITIONS**

1.      **THIS COURT ORDERS** that the time for service of the Motion Record is hereby abridged and validated so that this Motion is properly returnable today and hereby dispenses with further service thereof.

2.      **THIS COURT ORDERS** that capitalized terms used in this Order and not otherwise defined shall have the meanings ascribed to them in the Amended and Restated Initial Order of the Honourable Madam Justice Kimmel dated October 30, 2024 (the "**ARIO**"), the Approval and Reverse Vesting Order of the Honourable Madam Justice Kimmel dated July 26, 2024 (the "**Approval and Reverse Vesting Order**"), or the Vuong Affidavit, as applicable.

**EXTENSION OF STAY PERIOD**

3.      **THIS COURT ORDERS** that the Stay Period is extended to and including the CCAA Termination Time or such later date as this Court may order.

**MONITOR'S ENHANCED POWERS**

4.      **THIS COURT ORDERS** that in addition to the powers and duties of the Monitor set out in the ARIO or any other Order of this Court in the CCAA Proceedings, and without altering in any way the limitations and obligations of ResidualCo resulting from these CCAA Proceedings, the Monitor shall be and is hereby authorized and empowered, but not required, to:

(a)      take any and all actions and steps, and execute all documents and writings, on behalf of, and in the name of ResidualCo in order to facilitate the performance of any ongoing obligations of ResidualCo, including with respect to any Claims, and to carry out the Monitor's duties under this Order or any other Order of this Court in these CCAA Proceedings;

(b)      exercise any powers which may be properly exercised by a board of directors of ResidualCo;

119849040 v10

Electronically issued / Délivré par voie électronique : 07-Oct-2024
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-23-00707394-00CL

(c)    cause ResidualCo to retain the services of any Person as an employee, consultant, or other similar capacity all under the supervision and direction of the Monitor and on the terms as agreed with the Monitor;

(d)    open one or more new accounts (the "**ResidualCo Accounts**") into which all funds, monies, cheques, instruments and other forms of payment payable to ResidualCo shall be deposited from and after the making of this Order from any source whatsoever and to operate and control, as applicable, on behalf of Residual Co, the ResidualCo Accounts in such manner as the Monitor, in its sole discretion, deems necessary or appropriate to assist with the exercise of the Monitor's powers and duties;

(e)    cause ResidualCo to perform such other functions or duties as the Monitor considers necessary or desirable in order to facilitate or assist the winding-down of ResidualCo or the distribution of the proceeds of the ResidualCo property or any other related activities, including in connection with bringing the CCAA Proceedings to an end;

(f)    engage, deal, communicate, negotiate, agree and settle with any creditor or other stakeholder of ResidualCo in the name of or on behalf of ResidualCo;

(g)    claim or cause ResidualCo to claim any and all insurance refunds or tax refunds, including refunds of HST, to which ResidualCo is entitled;

(h)    have access to all books and records that are the property of ResidualCo in ResidualCo's possession or control;

(i)    assign ResidualCo into bankruptcy, and the Monitor shall be entitled but not obligated to act as trustee in bankruptcy (the "**Bankruptcy Trustee**") thereof;

(j)    consult with the Canada Revenue Agency with respect to any issues arising in respect of the CCAA Proceedings with respect to ResidualCo; and

(k)    apply to this Court for advice and directions or any orders necessary or advisable to carry out its powers and obligations under this Order or any other Order granted by this Court including for advice and directions with respect to any matter.

119849040 v10

Electronically issued / Délivré par voie électronique : 07-Oct-2024
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-23-00707394-00CL

.

5.      **THIS COURT ORDERS** that notwithstanding anything contained in this Order, the Monitor is not and shall not be or be deemed to be, a director, officer, or employee of ResidualCo.

6.      **THIS COURT ORDERS** that, without limiting the provisions of the ARIO, ResidualCo shall remain in possession and control of its Property and Business (each as defined in the ARIO) and the Monitor shall not take, or be deemed to have taken, possession or control of the Property or the Business of ResidualCo, or any part thereof.

7.      **THIS COURT ORDERS** that: (a) except as expressly provided otherwise in the Approval and Reverse Vesting Order, in addition to the rights and protections afforded the Monitor under the CCAA or as an officer of this Court, the Monitor and its legal counsel shall continue to have the benefit of all the indemnities, charges, protections and priorities as set out in the ARIO and/or any other Order of this Court and all such indemnities, charges, protections and priorities shall apply and extend to the Monitor and fulfillment of its duties and the carrying out of the provisions of this Order, and provided, for greater certainty, that no such indemnities, charges, protections and priorities apply as against Tacora Resources Inc. or any of its assets, properties or undertakings; and (b) the Monitor shall incur no liability or obligation as a result of exercising any powers granted to it hereunder, save and except for any gross negligence or wilful misconduct on its part.

8.      **THIS COURT ORDERS** that the Monitor shall not be liable for any employee-related liabilities of ResidualCo, if any, other than amounts the Monitor may specifically agree in writing to pay. Nothing in this Order shall, in and of itself, cause the Monitor to be liable for any employee-related liabilities of ResidualCo, including wages, severance pay, termination pay, vacation pay, and pension or benefit amounts.

9.      **THIS COURT ORDERS** that nothing in this Order shall constitute or be deemed to constitute the Monitor as receiver, assignee, liquidator, administrator, receiver-manager, agent of the creditors or legal representative of ResidualCo within the meaning of any relevant legislation and that any distributions to creditors of ResidualCo by the Monitor will be deemed to have been made by ResidualCo.

10.     **THIS COURT ORDERS** that the power and authority granted to the Monitor by virtue of this Order shall, if exercised in any case, be paramount to the power and authority of ResidualCo with respect to such matters and, in the event of a conflict between the terms of this Order and those of the ARIO or any other Order of this Court, the provisions of this Order shall govern.

119849040 v10

Electronically issued / Délivré par voie électronique : 07-Oct-2024
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-23-00707394-00CL

**BANKRUPTCY MATTERS**

11.    **THIS COURT ORDERS** that the Applicant is authorized to make an assignment in bankruptcy pursuant to the *Bankruptcy and Insolvency Act* (Canada) (the "**BIA**") in the City of Toronto, Province of Ontario, naming FTI as the Bankruptcy Trustee, and, in that regard, the director of ResidualCo is authorized to sign such documents in the name of the Applicant and take all such steps as are necessary to make the assignment in bankruptcy and commence proceedings under the BIA (the "**BIA Proceedings**").

12.    **THIS COURT ORDERS** that the Bankruptcy Trustee shall provide notice of the BIA Proceedings solely to Known Claimants (as such term is defined in the Claims Procedure Order of the Honourable Madam Justice Kimmel dated April 23, 2024 (the "**Claims Procedure Order**")) and any other Persons who filed a Proof of Claim in accordance with the Claims Procedure Order.

**APPROVAL OF REPORTS, ACTIVITIES, FEES AND DISBURSEMENTS**

13.    **THIS COURT ORDERS AND DECLARES** that the Twelfth Report and the activities of the Monitor referred to therein are hereby ratified and approved; provided, however, that only the Monitor, in its personal capacity and only with respect to its own liability, shall be entitled to rely upon or utilize in any way such approvals.

14.    **THIS COURT ORDERS** that the fees and disbursements of the Monitor and its counsel, as set out in the Twelfth Report, including the estimated fees and disbursements up to the CCAA Termination Time, be and are hereby approved.

**TERMINATION OF CCAA PROCEEDINGS**

15.    **THIS COURT ORDERS** that, upon service by the Monitor of an executed certificate substantially in the form attached hereto as Schedule "A" (the "**Termination Certificate**") on the service list in these CCAA Proceedings certifying that, to the knowledge of the Monitor, all matters to be attended to in connection with the CCAA Proceedings have been completed, these CCAA Proceedings shall be terminated without any further act or formality (the "**CCAA Termination Time**"), save and except as provided in this Order, and provided that nothing herein impacts the validity of any Orders made in these CCAA Proceedings or any action or steps taken by any Person pursuant thereto.

Electronically issued / Délivré par voie électronique : 07-Oct-2024
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-23-00707394-00CL

16.    **THIS COURT ORDERS** that the Monitor is hereby directed to file a copy of the Termination Certificate with the Court as soon as is practicable following service thereof on the service list in these CCAA Proceedings.

17.    **THIS COURT ORDERS** that the Administration Charge, the Directors' Charge, the Transaction Fee Charge, the DIP Charge, the KERP Charge and all other charges granted in these CCAA Proceedings, shall be terminated, released and discharged as of the CCAA Termination Time without any further act or formality.

18.    **THIS COURT ORDERS** that, notwithstanding the termination of the CCAA Proceedings pursuant to this Order, the Claims Procedure Order, including the claims bar set forth therein, shall remain in full force and effect.

## DISCHARGE OF THE MONITOR

19.    **THIS COURT ORDERS** that effective as at the CCAA Termination Time, FTI shall be discharged from its duties as the Monitor, and shall have no further duties, obligations or responsibilities as Monitor from and after the CCAA Termination Time, provided that, notwithstanding its discharge as Monitor, FTI shall have the authority to carry out, complete or address any matters in its role as Monitor that are ancillary or incidental to these CCAA Proceedings following the CCAA Termination Time, as may be required.

20.    **THIS COURT ORDERS** that, notwithstanding any provision of this Order, the Monitor's discharge or the termination of these CCAA Proceedings, nothing herein shall affect, vary, derogate from, limit or amend, and FTI shall continue to have the benefit of, all of the rights, approvals, releases and protections in favour of the Monitor at law or pursuant to the CCAA, the ARIO, the Approval and Reverse Vesting Order, or any other Order of this Court in these CCAA Proceedings or otherwise, all of which are expressly continued and confirmed following the CCAA Termination Time, including in connection with any other actions taken by the Monitor following the CCAA Termination Time with respect to the Applicant or these CCAA Proceedings.

## RELEASE OF MONITOR

21.    **THIS COURT ORDERS** that effective as at the CCAA Termination Time, the Monitor and its affiliates, officers, directors, employees, legal counsel and agents (collectively, the "**Monitor Released Parties**" and each a "**Monitor Released Party**") shall be and are hereby forever released and discharged from any and all claims that any Person may have or be entitled to assert against any of the Monitor Released Parties, whether known or unknown, matured or unmatured,

119849040 v10

Electronically issued / Délivré par voie électronique : 07-Oct-2024
Toronto Superior Court of Justice / Cour supérieure de justice

.

foreseen or unforeseen, existing or hereafter arising, based in whole or in part on any act or omission, transaction, dealing or other occurrence in any way relating to, arising out of, or in respect of, these CCAA Proceedings or with respect to their respective conduct in these CCAA Proceedings (collectively, the "**Monitor Released Claims**"), and any such Monitor Released Claims are hereby irrevocably and forever released, stayed, extinguished and forever barred, and the Monitor Released Parties shall have no liability in respect thereof, provided that the Monitor Released Claims shall not include any claim or liability that is finally determined by a court of competent jurisdiction to have constituted gross negligence or wilful misconduct on the part of the applicable Monitor Released Party.

22.    **THIS COURT ORDERS** that no action or other proceeding shall be commenced against any of the Monitor Released Parties in any way arising from or related to the CCAA Proceedings except with prior leave of this Court on not less than fifteen (15) days prior written notice to the applicable Monitor Released Party or Monitor Released Parties and upon further Order securing, as security for costs, the full indemnity costs of the applicable Monitor Released Party in connection with any proposed action or proceeding as the Court hearing the motion for leave to proceed may deem just and appropriate.

**APPROVAL AND REVERSE VESTING ORDER MATTERS**

23.    **THIS COURT ORDERS** that "Released Parties" as defined in the Approval and Reverse Vesting Order shall include the director of ResidualCo.

24.    **THIS COURT ORDERS** that "Released Claims" as defined in the Approval and Reverse Vesting Order shall include any and all present and future Liabilities or Claims of any nature or kind whatsoever (whether direct or indirect, known or unknown, absolute or contingent, accrued or unaccrued, liquidated or unliquidated, matured or unmatured or due or not yet due, in law or equity and whether based in statute or otherwise) against the director of ResidualCo which may be incurred as a result of acting as a director of ResidualCo.

25.    **THIS COURT ORDERS** that Stikeman Elliott LLP and McInnes Cooper (and each of their respective agents) are hereby authorized to prepare, execute, file and register discharges and/or terminations in respect any and all Encumbrances in respect of Excluded Liabilities as against Tacora Resources Inc. and the Retained Assets, including (a) Encumbrances under the *Personal Property Security Act* (Ontario), *Personal Property Security Act* (British Columbia)*, Personal Property Security Act* (Newfoundland and Labrador)*, Le Registre des droits personnels et réels mobiliers* (Quebec)*, the Uniform Commercial Code* or any other personal property registry

Electronically issued / Délivré par voie électronique : 07-Oct-2024
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-23-00707394-00CL

system; (b) Encumbrances under the *Lands Act* (Newfoundland and Labrador), *Registration of Deeds Act* (Newfoundland and Labrador), *Mining Act* (Newfoundland and Labrador), *Mineral Act* (Newfoundland and Labrador), *Mechanics' Lien Act* (Newfoundland and Labrador) and *Revenue Administration Act* (Newfoundland and Labrador); and (c) without limiting the generality of subsections (a) and (b), the Encumbrances set forth on Schedule "B", and all governmental authorities and any other applicable registrar or government ministries or authorities exercising jurisdiction over such Encumbrances are hereby authorized, requested and directed to accept such discharges and remove and expunge Encumbrances in respect of Excluded Liabilities as against Tacora Resources Inc. and the Retained Assets.

**DISCHARGE OF TRUSTEE AND NOTES COLLATERAL AGENT**

26.     **THIS COURT ORDERS** that Computershare Trust Company, N.A. (the "**Trustee**" and the "**Notes Collateral Agent**"), shall be permanently released and discharged from any duties and liabilities in acting in its capacity as Trustee under (a) the Amended and Restated Base Indenture dated as of May 11, 2023; (b) the First Supplemental Indenture dated as of May 11, 2023; (c) the Second Supplemental Indenture dated as of May 11, 2023; (d) the Third Supplemental Indenture dated as of June 23, 2023; (e) the Fourth Supplemental Indenture dated as of September 7, 2023; and (f) the Fifth Supplemental Indenture dated as of September 5, 2024 (collectively, the "**Indenture**"), with respect to any Notes vested in ResidualCo; provided that nothing in this paragraph shall waive, discharge, release, cancel or bar any present or future claim of CrossingBridge Advisors, LLC, including any of its affiliates or agents, arising out of or relating to an intercreditor agreement dated January 9, 2023 (as amended or supplemented from time-to-time, the "**Initial Intercreditor Agreement**"), a collateral agency and intercreditor agreement dated as of May 11, 2023 (as amended or supplemented from time-to-time, the "**Second Intercreditor Agreement**" and, together with the Initial Intercreditor Agreement, the "**Intercreditor Agreement**"), (and any side letter, agreement, indenture or document existing prior to the CCAA filing date and relating directly to the Intercreditor Agreement).

27.     **THIS COURT ORDERS** that Computershare shall be permanently released and discharged from any duties and liabilities in acting in its capacity as Notes Collateral Agent under the Indenture with respect to any Notes vested in ResidualCo; provided that nothing in this paragraph shall waive, discharge, release, cancel or bar any present or future claim of CrossingBridge Advisors, LLC, including any of its affiliates or agents, arising out of or relating to the Intercreditor Agreement, and any side letter, agreement, indenture or document existing prior to the CCAA filing date and relating directly to the Intercreditor Agreement.

Electronically issued / Délivré par voie électronique : 07-Oct-2024
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-23-00707394-00CL

28.     **THIS COURT ORDERS** that, notwithstanding the above, nothing in this Order shall impair the rights and privileges of the Trustee and Notes Collateral Agent under the Indenture, including, without limitation, indemnification rights as against ResidualCo and charging lien rights or priority payment rights against any distributions to holders of the Notes.

**GENERAL**

29.     **THIS COURT ORDERS** that the Applicant or the Monitor may apply to this Court to amend, vary or supplement this Order or for advice and directions in the discharge of its powers and duties under this Order or in the interpretation or application of this Order.

30.     **THIS COURT ORDERS** that, notwithstanding Rule 59.05, this Order is effective from the date that it is made and is enforceable without any need for entry and filing. In accordance with Rules 77.07(6) and 1.04, no formal order need be entered and filed unless an appeal or a motion for leave to appeal is brought to an appellate court.

31.     **THIS COURT ORDERS** that this Order shall have full force and effect in all provinces and territories in Canada.

32.     **THIS COURT ORDERS** that the Applicant and the Monitor shall be authorized to apply as they may consider necessary or desirable, with or without notice, to any other court or administrative body, whether in Canada, the United States or elsewhere, for orders which aid and complement this Order. All courts and administrative bodies of all such jurisdictions are hereby respectfully requested to make such orders and to provide such assistance to the Applicant and the Monitor as may be deemed necessary or appropriate for that purpose.

33.     **THIS COURT HEREBY REQUESTS** the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada or in the United States, to give effect to this Order and to assist the Applicant, the Monitor and their respective agents in carrying out the terms of this Order. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Applicant and to the Monitor, as an officer of this Court, as may be necessary or desirable to give effect to this Order, to grant representative status to the Monitor in any foreign proceeding, or to assist the Applicant and the Monitor and their respective agents in carrying out the terms of this Order.

119849040 v10

Electronically issued / Délivré par voie électronique : 07-Oct-2024
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-23-00707394-00CL

34.     **THIS COURT ORDERS** that this Order and all of its provisions are effective as of 12:01

a.m. Prevailing Eastern Time on the date hereof.

Digitally signed by
Jessica Kimmel
Date: 2024.10.07
15:04:30 -04'00'

Electronically issued / Délivré par voie électronique : 07-Oct-2024
Toronto Superior Court of Justice / Cour supérieure de justice                    **Court File No./N° du dossier du greffe :** CV-23-00707394-00CL

## SCHEDULE "A"

Court File No. CV-23-00707394-00CL

### *ONTARIO*
### SUPERIOR COURT OF JUSTICE
### (COMMERCIAL LIST)

### IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

### AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF 16323715 CANADA INC.

**(Applicant)**

### TERMINATION CERTIFICATE

**RECITALS**

A.    FTI Consulting Canada Inc. ("**FTI**") was appointed as the Monitor of Tacora Resources Inc. ("**Tacora**") in the within proceedings (the "**CCAA Proceedings**") commenced under the *Companies' Creditors Arrangement Act* (Canada) (the "**CCAA**") pursuant to an Initial Order of the Ontario Superior Court of Justice (Commercial List) (the "**Court**") dated October 10, 2023 (as amended, the "**Initial Order**").

B.    Unless otherwise indicated herein, capitalized terms used in this Termination Certificate shall have the meaning given to them in the CCAA Termination Order (as defined below).

C.    Pursuant to the Approval and Reverse Vesting Order of the Honourable Madam Justice Kimmel dated July 26, 2024, the Court approved the Subscription Agreement dated July 21, 2024 (as amended, the "**Subscription Agreement**") between Tacora, as issuer, and Cargill, Incorporated, Millstreet Capital Management LLC and OSP, LLC, and the transactions contemplated therein (the "**Transactions**").

D.    Upon closing of the Transactions on September 19, 2024, among other things, (a) all of Tacora's right, title and interest in and to the Excluded Assets, Excluded Contracts and Excluded Liabilities were transferred to, assumed by and vested in ResidualCo; and (b) Tacora was deemed to cease being an Applicant in these CCAA Proceedings.

E.    Pursuant to an Order of this Court dated October 7, 2024 (the "**CCAA Termination Order**"), among other things, effective as at the CCAA Termination Time, FTI shall be

119849040 v10

Electronically issued / Délivré par voie électronique : 07-Oct-2024
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-23-00707394-00CL

discharged as the Monitor and the CCAA Proceedings shall be terminated upon service of this Termination Certificate on the service list in these CCAA Proceedings, all in accordance with the terms of the CCAA Termination Order.

**THE MONITOR CERTIFIES** the following:

1.      To the knowledge of the Monitor, all matters to be attended to in connection with the CCAA Proceedings (Court File No. CV-23-00693595-00CL) have been completed.

**ACCORDINGLY**, the CCAA Termination Time will occur upon service of the Termination Certificate by the Monitor on the service list in these CCAA Proceedings.

**DATED** at Toronto, Ontario this _____ day of _____, 2024.

> **FTI CONSULTING CANADA INC.** in its capacity as the Court-appointed Monitor of the Applicant and not in its personal or corporate capacity

Per: _____

Name:
Title:

119849040 v10

Electronically issued / Délivré par voie électronique : 07-Oct-2024
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-23-00707394-00CL

## SCHEDULE "B"

### Encumbrances to be Discharged

Registry of the Supreme Court of Newfoundland and Labrador

- Lien Claims made by JSM Electrical Ltd. subject to proceedings before the Supreme Court of Newfoundland and Labrador (Court File No. 2023 01G 5933)

- Lien Claims made by 13859380 Canada Inc. subject to proceedings before the Supreme Court of Newfoundland and Labrador (Court File No. 2023 01G 6075)

- Lien Claims made by MacGregors Industrial Group subject to proceedings before the Supreme Court of Newfoundland and Labrador (Court File No. 2024 01G 1503)

Registry of Mechanics Liens (Newfoundland and Labrador)

- Mechanics Lien No. 20437 registered by 13859380 Canada Inc. on October 25, 2023

- Mechanics Lien No. 20443 registered by JSM Electrical Ltd. on November 2, 2023

- Mechanics Lien No. 20544 registered by Energy Lock Inc. on May 16, 2024

- Mechanics Lien No. 20446 registered by Newfound Roofing Ltd. on November 10, 2023

- Mechanics Lien No. 20470 registered by MacGregors Custom Machining Ltd. on December 11, 2023

Personal Property Registry (Newfoundland and Labrador)

- Personal property security registrations in favour of Cargill International Trading Pte. Ltd in respect of the APF registered as Registration #20469102

- Personal property security registrations in favour of the Notes Collateral Agent in respect of the Senior Notes and Senior Priority Notes registered as Registration #18837112 as amended by #19605864 and #19615681

Personal Property Registry (British Columbia)

- Personal property security registrations in favour of Cargill International Trading Pte. Ltd in respect of the APF registered as Registration #283648P

119849040 v10

**Court File No./N° du dossier du greffe :** CV-23-00707394-00CL

- Personal property security registrations in favour of the Notes Collateral Agent in respect of the Senior Notes and Senior Priority Notes registered as Registration #948695M

Personal Property Registry (Ontario)

- Personal property security registrations in favour of Cargill International Trading Pte. Ltd in respect of the APF registered as Registration #20230112-1109-1590-6512

- Personal property security registrations in favour of the Notes Collateral Agent in respect of the Senior Notes and Senior Priority Notes registered as Registration #20230112-0822-9234-6400

Register of Personal and Movable Real Rights (Québec)

- Hypothec registered on August 4, 2021, in favour of Computershare Trust Company, N.A. under #21-0846017-0001 as amended by #22-0129441-0001

- Hypothec registered on January 10, 2023, in favour of Cargill International Trading Pte Ltd. under #23-0021740-0001

Registry of Deeds (Newfoundland and Labrador)

- Debenture, originally in favour of Wells Fargo Bank, National Association, registered at the Registry of Deeds for the Province of Newfoundland and Labrador as Registration #992026, as amended by the following Debenture Amending Agreements:

  o First Debenture Amendment Agreement registered at the Registry of Deeds for the Province of Newfoundland and Labrador as Registration #1012718, amending the foregoing Debenture by, *inter alia*, removing Wells Fargo Bank, National Association as the secured party and replacing same with Computershare Trust Company, N.A.

  o Second Debenture Amending Agreement registered at the Registry of Deeds for the Province for Newfoundland and Labrador as Registration #1070817

- The following agreements registered at the Registry of Deeds for the Province of Newfoundland and Labrador, each of which relates to the Debenture registered at Registration #992026:

119849040 v10

- o Acknowledgement Agreement (Re: Notes Security, Re: Knoll Lake Lots 2, 3 and 4 and Wabush Mountain Area Mining Head Leases), registered as Registration #992008

- o Acknowledgement Agreement (Re: Notes Security, re: Lot 1 Head Lease), registered as Registration #992009

- o Consent and Acknowledgment Agreement (Re: Notes Security, Re: Pumping Facilities Crown Lease), registered as Registration #992010

- o Acknowledgement Agreement (Re: Notes Security, Re: Flora Lake License), registered as Registration #992011

- o Acknowledgement Agreement (Re: Notes Security, Re: Lot 1 Sublease), registered as Registration #992013

- o Consent and Acknowledgement Agreement (Re: Notes Security, Re: Lot 1 Sub-Sublease), registered as Registration #992014

- o Acknowledgement Agreement (Re: Notes Security, Re: Knoll Lake Lots 2, 3 and 4 and Wabush Mountain Area Mining Sublease), registered as Registration #992015

- o Consent and Acknowledgement Agreement (Re: Notes Security, Re: Knoll Lake Lots 2, 3 and 4 and Wabush Mountain Area Mining Sub-Sublease), registered as Registration #992016

- Debenture in favour of Cargill International Trading Pte Ltd., registered at the Registry of Deeds for the Province of Newfoundland and Labrador as Registration #1058118

- The following agreements registered at the Registry of Deeds for the Province of Newfoundland and Labrador, each of which relates to the Debenture registered at Registration #1058118:

  - o Acknowledgement Agreement (Re: Pari Passu Security, Re: Lot 1 Head Lease), registered as Registration #1058094

  - o Acknowledgement Agreement (Re: Pari Passu Security, Re: Knoll Lake Lots 2, 3 and 4 and Wabush Mountain Area Mining Head Leases), registered as Registration #1058095

119849040 v10

Electronically issued / Délivré par voie électronique : 07-Oct-2024
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-23-00707394-00CL

.

- o Acknowledgement Agreement (Re: Pari Passu Security, Re: Flora Lake License), registered as Registration #1058112

- o Consent and Acknowledgement Agreement (Re: Pari Passu Security, Re: Pumping Facilities Crown Lease), registered as Registration #1058113

- o Acknowledgement Agreement (Re: Pari Passu Security, Re: Lot 1 Sublease), registered as Registration #1058114

- o Consent and Acknowledgement Agreement (Re: Pari Passu Security, Re: Lot 1 Sub-Sublease), registered as Registration #1058115

- o Acknowledgement Agreement (Re: Pari Passu Security, Re: Knoll Lake Lots 2, 3 and 4 and Wabush Mountain Area Mining Sublease), registered as Registration #1058116

- o Consent and Acknowledgement Agreement (Re: Pari Passi Security, Re: Knoll Lake Lots 2, 3 and 4 and Wabush Mountain Area Mining Sub-Sublease), registered as Registration #1058117

<u>Mineral Registry – Transfer and Lien Registry (Newfoundland and Labrador)</u>

- Debenture, originally in favour of Wells Fargo Bank, National Association, registered at the Mineral Registry – Transfer and Lien Registry (Newfoundland and Labrador) as Volume 27, Folio 244, as amended by the following Debenture Amending Agreements:

  - o Debenture Amendment Agreement registered at the Mineral Registry – Transfer and Lien Registry (Newfoundland and Labrador) as Volume 28, Folio 97, amending the foregoing Debenture by, *inter alia*, removing Wells Fargo Bank, National Association as the secured party and replacing same with Computershare Trust Company, N.A.

  - o Debenture Amending Agreement registered at the Mineral Registry – Transfer and Lien Registry (Newfoundland and Labrador) as Volume 29, Folio 76

- General Security Agreement registered at the Mineral Registry – Transfer and Lien Registry (Newfoundland and Labrador) as Volume 27, Folio 246

119849040 v10

Electronically issued / Délivré par voie électronique : 07-Oct-2024
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-23-00707394-00CL

- The following agreements registered at the Mineral Registry – Transfer and Lien Registry (Newfoundland and Labrador), each of which relates to the Debenture registered at Volume 10/27, Folio 244:

  o Acknowledgement Agreement (Re: Notes Security, Re: Knoll Lake Lots 2, 3 and 4 and Wabush Mountain Area Mining Head Leases), registered as Volume 27, Folio 228

  o Acknowledgement Agreement (Re: Notes Security, re: Lot 1 Head Lease), registered as Volume 27, Folio 229

  o Consent and Acknowledgment Agreement (Re: Notes Security, Re: Pumping Facilities Crown Lease), registered as Volume 27, Folio 230

  o Acknowledgement Agreement (Re: Notes Security, Re: Flora Lake License), registered as Volume 27, Folio 231

  o Acknowledgement Agreement (Re: Notes Security, Re: Lot 1 Sublease), registered as Volume 27, Folio 232

  o Consent and Acknowledgement Agreement (Re: Notes Security, Re: Lot 1 Sub-Sublease), registered as Volume 27, Folio 233

  o Acknowledgement Agreement (Re: Notes Security, Re: Knoll Lake Lots 2, 3 and 4 and Wabush Mountain Area Mining Sublease), registered as Volume 27, Folio 234

  o Consent and Acknowledgement Agreement (Re: Notes Security, Re: Knoll Lake Lots 2, 3 and 4 and Wabush Mountain Area Mining Sub-Sublease), registered as Volume 27, Folio 235

- Debenture in favour of Cargill International Trading Pte Ltd., registered at the Registry of Deeds for the Province of Newfoundland and Labrador as Volume 29, Folio 18

- General Security Agreement registered at the Mineral Registry – Transfer and Lien Registry (Newfoundland and Labrador) as Volume 29, Folio 19

- The following agreements registered at the Mineral Registry – Transfer and Lien Registry (Newfoundland and Labrador), each of which relates to the Debenture registered at Volume 29, Folio 18:

119849040 v10

Electronically issued / Délivré par voie électronique : 07-Oct-2024
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-23-00707394-00CL

- o Acknowledgement Agreement (Re: Pari Passu Security, Re: Lot 1 Head Lease), registered as Volume 29, Folio 10

- o Acknowledgement Agreement (Re: Pari Passu Security, Re: Knoll Lake Lots 2, 3 and 4 and Wabush Mountain Area Mining Head Leases), registered as Volume 29, Folio 11

- o Consent and Acknowledgement Agreement (Re: Pari Passu Security, Re: Pumping Facilities Crown Lease), registered as Volume 29, Folio 12

- o Acknowledgement Agreement (Re: Pari Passu Security, Re: Flora Lake License), registered as Volume 29, Folio 13

- o Acknowledgement Agreement (Re: Pari Passu Security, Re: Lot 1 Sublease), registered as Volume 29, Folio 14

- o Consent and Acknowledgement Agreement (Re: Pari Passu Security, Re: Lot 1 Sub-Sublease), registered as Volume 29, Folio 15

- o Acknowledgement Agreement (Re: Pari Passu Security, Re: Knoll Lake Lots 2, 3 and 4 and Wabush Mountain Area Mining Sublease), registered as Volume 29, Folio 16

- o Consent and Acknowledgement Agreement (Re: Pari Passi Security, Re: Knoll Lake Lots 2, 3 and 4 and Wabush Mountain Area Mining Sub-Sublease), registered as Volume 29, Folio 17

119849040 v10

Electronically issued / Délivré par voie électronique : 07-Oct-2024
Toronto Superior Court of Justice / Cour supérieure de justice

Court File No./N° du dossier du greffe : CV-23-00707394-00CL

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF 16323715 CANADA INC

Applicant

| | |
|---|---|
| | *ONTARIO*<br>**SUPERIOR COURT OF JUSTICE**<br>**(COMMERCIAL LIST)**<br><br>PROCEEDING COMMENCED AT TORONTO |

**CCAA TERMINATION ORDER**

**STIKEMAN ELLIOTT LLP**
Barristers & Solicitors
5300 Commerce Court West
199 Bay Street
Toronto, Canada  M5L 1B9

**Ashley Taylor** (LSO #39932E)
Tel:    (416) 869-5236
Email: ataylor@stikeman.com

**Lee Nicholson** (LSO #66412I)
Tel:    (416) 869-5604
Email: leenicholson@stikeman.com

**Natasha Rambaran** (LSO #80200N)
Tel:    (416) 869-5504
Email: nrambaran@stikeman.com

**Philip Yang (LSO #82084O)**
Tel:    (416) 869-5593
Email: pyang@stikeman.com

Lawyers for the Applicant